IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TILENA ALI, on behalf of herself and<br>all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-876-D |
| | ) | |
| WELLS FARGO BANK, N.A., WELLS<br>FARGO INSURANCE, INC., and WELLS<br>FARGO HOME MORTGAGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the motion of Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc. and

Wells Fargo Home Mortgage, Inc. (collectively, "Wells Fargo") to stay this case pending conclusion

of settlement proceedings in *Fladell v. Wells Fargo Bank, N.A.,* Case No. 13-CV-60721-FAM (S.D.

Fla.). *See* Doc. No. 29. In support of this motion, Wells Fargo has submitted evidence that the

plaintiffs and the defendants in the *Fladell* case have reached an agreement in principle to resolve

all claims involving lender-placed insurance (LPI) against all defendants in that case; that the parties

are in the process of finalizing a settlement of all issues concerning LPI, including eligibility of

putative settlement class members for a class settlement payment or credit and significant equitable

relief, and dismissal of all LPI claims against defendants with prejudice; and that after execution of

the settlement agreement, the plaintiff will present it to the *Fladell c*ourt and seek preliminary

approval of the parties' settlement, including the plan for notice to the settlement class. *See* Joint

Motion for Stay of Lender-Placed Insurance Claims Pending Approval of Settlement Proceedings

and Notice of Class-Wide Settlement filed in *Fladell* (Exhibit 1 to Wells Fargo's Motion) at ¶¶ 1-3.

Wells Fargo asserts that *Fladell* encompasses the claims of Plaintiff and the putative class in this case because the *Fladell* nationwide class is defined as "[a]ll borrowers who, within the applicable statute of limitations, were charged for a forced-place insurance policy placed on property through the Wells Fargo Defendants and/or these companies' affiliates, entities, or subsidiaries." Corrected Class Action Complaint at ¶ 75. Accordingly, Wells Fargo asserts that approval of the settlement in *Fladell* will resolve all outstanding claims in the case. A stay will benefit the Court and the parties, Wells Faro asserts, because if the settlement is approved, all claims in this case will be resolved, obviating the need to expend resources on motion practice, discovery and trial. Moreover, it asserts that no prejudice will result from issuance of the stay because Plaintiff, like all putative class members in *Fladell*, can pursue any concerns about the potential fairness of the proposed settlement in *Fladell* during the approval process therein. Indeed, by staying this case, Wells Fargo asserts, the Court can ensure that any potential disputes over the fairness of that settlement can be adjudicated in the forum where the settlement is pending and avoid any potential interference with the settlement process. If the settlement is not approved, it says, Plaintiff can move to lift any stay herein and resume prosecution of her claims. Wells Fargo cites a plethora of authority to support its motion for a stay in these circumstances.

Plaintiff in her response [Doc. No. 30] first complains that Defendants have refused to participate in a discovery conference as mandated by Rule 26(f), Fed. R. Civ. P. She also complains both that Wells Fargo should have requested a stay prior to this Court's Order of January 24, 2014 [Doc. No. 27] and that the motion to stay is premature because the "final terms of the putative settlement agreement have yet to be negotiated, and the Motion for Preliminary Approval of such settlement is not yet before the Court in *Fladell*." Response at p. 5. However, Plaintiff's main

2

objection to the motion to stay is that her case involves claims of unconscionability and violation of the Oklahoma Consumer Protection Act (OCPA) not included in the *Fladell* case.

Wells Fargo in reply [Doc. No. 31] indicates that it filed the motion to stay as early as was possible, on February 7, 2014, four days after the motion to stay in *Fladell* was filed (indicating settlement terms had been agreed upon) and three days after Wells Fargo informed Plaintiff of the pending *Fladell* settlement and the need to stay this case. Wells Fargo asserts that this motion is not premature inasmuch as the settlement terms in *Fladell* have been agreed upon. Wells Fargo asserts that Plaintiff's contention that her unconscionability and OCPA claims would still be pending before this Court even if the *Fladell* settlement is finalized is incorrect as a matter of law. This is so, Wells Fargo asserts, because class action settlements typically contain broad releases of claims similar to but not necessarily identical with the claim in the settling case. Were that not the case, "defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions throughout the country." *See* Reply at p.3 (quoting *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96, 106 (2[d] Cir. 2005)). Thus, Wells Fargo asserts, "in order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicates as that underlying the claims in the settled class action." *See id.* (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2[d] Cir. 1982)). Accordingly, Wells Fargo states as follows:

> Whether or not Ali's claims are identical to those in *Fladell* is irrelevant as to whether they survive. The only issue that affects their survival is whether they stem from <u>actions</u> covered by the settlement. Because they do, they will be precluded.

Reply at p.4 (emphasis added).

Wells Fargo also disputes Plaintiff's contention that it refused to participate in a Rule 26 discovery conference. With its Reply, Wells Fargo has submitted a copy of a letter to Plaintiff's counsel concerning a proposed discovery conference. In the letter, Wells Fargo's counsel stated that he did not believe a Rule 26 conference would be a productive use of resources at the present time, in light of the motion to stay and the fact that no scheduling conference has been set; he proposed that a discovery conference be discussed after the Court rules on the motion to stay. *See* Exhibit 3 to Reply. Wells Fargo similarly proposes in its Reply that the Rule 26 conference should be stayed if the Court decides to stay this case, but that it should be promptly scheduled if the stay is denied or subsequently lifted.

Upon consideration, the Court finds that although the theories of liability in this case and the *Fladell* case are not identical, the alleged conduct of Wells Fargo on which Plaintiff bases her claims in this case constitutes the same factual predicate for the class claims in *Fladell*. A settlement in *Fladell* will likely prevent class members from subsequently asserting claims relying upon a legal theory or theories different from that relied upon in the class action complaint, but depending upon the same factual predicate. *See TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d at 460; Newberg on Class Actions § 12:15 at 312 (4th ed. 2002); *In re WorldCom, Inc.*, 2005 WL 2495554 at *3 (S.D.N.Y. Oct. 11, 2005). Thus, if the settlement in *Fladell* is approved, it will likely preclude all claims of the class Plaintiff seeks to represent in this case, and will resolve Plaintiff's claims unless she opts out of the certified class. Under these circumstances, the Court finds a stay of this case is appropriate.

"Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims [in the case before them]." *Wince v. Easterbrooke Cellular Corp.*, 681 F.

Supp.2d 688, 692 (N.D. W.Va. 2010). *See Lindley v. Life Investors Ins. Co.*, 2009 WL 3296498 (N.D. Okla. Oct. 9, 2009) (granting stay pending result of fairness hearing of classwide settlement in similar case); *In Re RC2 Corp. Toy Lead Paint Products Liability Litigation,* 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in another action involving similar putative classes and claims); *Schwarz v. Prudential-Bache Securities, Inc.*, 1991 WL 137157 (E.D.Pa. July 19, 1991) (granting stay where parties in class action of which plaintiff was potential member had "reached an agreement in principle to settle all claims that class members may have"). Plaintiff has identified, and the Court can discern, no prejudice that will result to her from a stay of this action. On the other hand, a stay may avoid an unnecessary waste of the Court's and the parties' resources. *See e.g. JP Morgan Chase LPI Hazard Litigation*, 2013 WL 3829271 at *5 (N.D.Cal. July 23, 2013) ("A stay will allow both parties to conserve their resources should a settlement in [the overlapping case] be finalized."); *Packer v. Power Balance, LLC,* 2011 WL 1099001 at *2 (D.N.J. March 22, 2011) (granting stay pending consideration of nationwide class settlement, and noting "[i]t would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time" another judge "is considering the nationwide settlement"); *Lindley*, 2009 WL 3296498 at 3 (stay "to allow the [other] court to hold a fairness hearing will conserve defendant's resources by preventing duplicative and expensive class discovery" and "will also conserve the Court's resources").

Therefore Defendants' motion for a stay of this case [Doc. No. 29] is GRANTED, and this case (inclusive of a Rule 26 discovery conference and discovery) is STAYED pending a final order approving or disapproving the settlement of the *Fladell* case. Further, the Court will order the

administrative closure of this case for the duration for the stay, without prejudice to the rights of any party to move to reopen the case upon a material change of circumstances.

IT IS SO ORDERED this 3rd day of March, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE